IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 3:03-441-22 |
| v. | ) ) | |
| James Braun, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 3:03-442-22 |
| v. | ) ) | |
| Avantech, Inc., a South Carolina Corporation | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| Chem-Nuclear Systems, LLC, a Delaware limited liability company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | C/A No.: 3:03-3915-22 |
| v. | ) ) | |
| Alfred C. Abernethy, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

By oral ruling on June 8, 2005, this court granted the numerous motions to seal which were then pending in the above referenced actions. These motions were filed in connection with eight separate motions for summary judgment and several related nondispositive motions. This order sets forth the court's basis for granting the motions to seal.

The majority of the motions to seal are offered in support of motions for summary judgment. The court analyzes these motions to seal under the First Amendment. *See Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988) ("the more rigorous First Amendment standard should . . . apply to documents filed in connection with a summary judgment motion in a civil case"). As the Fourth Circuit recently explained:

> When the First Amendment provides a right of access, a district court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." [*Stone v. University of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir.1988) ("*Stone I*")]. The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position. *See Press-Enterprise Co. v. Superior Court,* 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion").
>
> * * *
>
> Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances." *Stone I,* 855 F.2d at 182. When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *Rushford,* 846 F.2d at 253. As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "[o]nly then can it accurately weigh the competing interests at stake." *Stone I,* 855 F.2d at 181.
>
> A district court must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. *Id.* Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review. *Id.* at 182.

*Virginia Department of State Police v. The Washington Post*; 386 F.3d 567, 575-576 (4th Cir. 2004).

**Public Notice and Opportunity to Object.** In the present case, each of the motions to seal was filed in the public docket. Far more than the normal time for responding to motions has passed

since this filing and no person has filed any objection or indicated any intent to do so. Further, despite several hearings, there have been no indications of any public interest in the present case. For these reasons, the court concludes that the public has been given an opportunity to challenge the sealing and that no such challenge has been made. Nonetheless, as noted at the conclusion of this order, the court will reconsider its ruling should any party come forward in the future seeking to challenge the sealing of these documents.

**Interest in Sealing.** In the present case, the interest in sealing is the interest of the litigants rather than the government. The underlying case involves, *inter alia*, allegations of misuse of trade secrets and confidential information. The documents for which sealing is sought are very limited exhibits and portions of memoranda which the parties represent would reveal the confidential business information and trade secrets which are the subject of the litigation. The request to seal, therefore, is based on a compelling interest assuming that the documents do, in fact, refer to the secret or confidential information.

As noted above, no challenge has been made to these representations of confidentiality. The court has also reviewed the documents and finds that they contain matter alleged in this litigation to be confidential or subject to trade secret protection. While these matters remain in litigation, it would be inappropriate to reveal them by public filing. Therefore, in the context of this litigation and absent any challenge, the court concludes that the interests to be protected are compelling.

**Narrowly Tailored, Least Drastic Alternative.** The documents for which sealing are sought consist of only a small percentage of the many pages of exhibits filed with the court. For example, a number of the motions seek to seal only a few pages from depositions which are otherwise filed in the public record. Similarly, a few seek to seal unredacted versions of memoranda

3

for which a partially redacted version is filed, with the redacted portions referring to alleged trade secrets. In short, each motion seeks only to seal only limited portions of the documents and exhibits relied on.

Having reviewed the motions and attached documents in the context of this litigation, the court finds the request for sealing to be narrowly tailored to serve the compelling interest in confidentiality. So narrowed, the court also concludes that there is no less drastic alternative available to protect the compelling interest.

**Matters Not Subject to First Amendment Standard.** To the extent motions to seal were filed in connection with nondispositive motions, the court has, nonetheless, analyzed them under the First Amendment standard in light of the strong interrelationship between the dispositive and nondispositive motions. Because the court concludes that all of the motions to seal satisfy the First Amendment standard, it is unnecessary to apply the less rigorous common law test.

**Matter Subject to Further Review.** This order is subject to reconsideration should either a party or nonparty challenge it at any point in the future.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 14, 2005

C:\temp\notesB0AA3C\~4526111.wpd