IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C/A No. 3:03-441-CMC |
| v. | ) ) | |
| James Braun, Tracy Barker, Kelly McCurry, Sharra Arnold, Carl Rowland, Cam Abernathy, and Mike Mohundro | ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) | |
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C/A No. 3:03-442-CMC |
| v. | ) ) | |
| Avantech, Inc., a South Carolina Corporation | ) ) ) | |
| Defendant. | ) ) | |

This order addresses issues raised in Defendants' renewed motion for summary judgment (Dkt No. 329 in C.A. No. 03-441 and Dkt No. 319 in C.A. No. 03-442) and Plaintiffs' supplemental memorandum on related issues (Dkt No. 330 in C.A. No. 03-441 and Dkt No. 320 in C.A. No. 03-442).[1] For the reasons set forth below, Defendants' motion is granted in part and denied in part.

---

[1] Plaintiffs' arguments relating to Defendants' counterclaim for attorneys' fees under the South Carolina Trade Secrets Act was construed as a renewed motion for summary judgment which was resolved by separate docket text order.

**Privity.** Plaintiffs have conceded and the court finds that only Plaintiff Chem-Nuclear Systems, LLC ("CNS") has standing to pursue contract-based claims against the individual Defendants other than Defendant Sharon Arnold. To the extent any contract-based claims are pursued by any other Plaintiff, they are dismissed except the contract claims of Plaintiff Duratek Services, Inc. ("Duratek Services") against Defendant Arnold. As to the latter, the court finds there is sufficient evidence to allow the contract claim by Duratek Services against Arnold to proceed to trial, recognizing that Duratek Services will need to establish its rights to enforce the contract at trial.

**Standing.** Defendants' motion for summary judgment on the basis of standing is granted as to Plaintiff Duratek Inc. ("Duratek") on the South Carolina Trade Secrets Act ("SCTSA") claim, the South Carolina Unfair Trade Practices Act ("SCUTPA") claim, and the Intentional Interference with Prospective Contract ("Intentional Interference") claim. Defendants' motion for summary judgment on the basis of standing is also granted as to Plaintiff CNS on the Intentional Interference claim.

The court finds that there is adequate evidence to allow both Duratek Services and CNS proceed with their SCTSA and SCUTPA claims. As to both, however, the court cautions Plaintiffs that they will need to present their proof as to ownership or adequate interest in the relevant rights and resulting injuries in a manner that will allow the court and jury to make distinct findings as to the rights and injuries, if any, of these Plaintiffs.

**Displacement by the SCTSA.** The court denies Defendants' motion for summary judgment on the SCUTPA, Intentional Interference, and Conspiracy claims to the extent the motion rests on a claim that these causes of action, as previously limited by the court, are displaced by the SCTSA. This decision rests, in part, on the absence of South Carolina authority interpreting the displacement provisions of the SCTSA and the limited authority interpreting similar (though not identical)

provisions of other states' laws. It also rests on the court's conclusion that further development of the record through trial is the better course before the displacement issue is ultimately resolved. To the extent the claims are presented to the jury for decision, the court intends to utilize a special verdict form which will allow post-trial resolution of any remaining legal issues. Any proposed verdict forms should be prepared with these considerations in mind.

**Breach of Covenant of Good Faith and Fair Dealing.** The court grants Defendants' motion for summary judgment to the extent it seeks a ruling that there is no separate claim for breach of the implied covenant of good faith and fair dealing distinct from the claim for breach of the confidentiality provisions of individual Defendants' employment agreements. The court may, however, charge the jury that they may consider the implied covenant of good faith and fair dealing in deciding whether the confidentiality provisions have been breached. At the same time, the court will not allow reliance on the implied covenant to expand the scope of the confidentiality provisions beyond that necessary to achieve their intended purpose which is entirely distinct from any prohibition on competition.

**Intentional Interference.** In addition to arguing for displacement under the SCTSA, Defendants argue that the Intentional Interference claim fails for lack of evidence of various elements including that: (1) Defendants used improper means or acted for an improper purpose; (2) the relevant Plaintiff (Duratek Services) would have obtained the contract but-for the interference; or (3) as to the Hope Creek contract, Duratek Services suffered injury given the early termination of the contract. The court concludes that Plaintiffs have proffered sufficient evidence of these elements to allow this claim to proceed to trial.[2]

---

[2] As to the first element listed, Plaintiffs refer only to evidence of improper means. The court, therefore, presumes that Plaintiff Duratek Services does not intend to rely on any evidence

**CONCLUSION**

For the reasons and to the extent set forth above, Defendants' renewed motion for summary judgment is denied in part and granted in part.

**IT IS SO ORDERED.**

 s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 2, 2005

C:\temp\notesB0AA3C\03-441 & 03-442 cns v avantech order re dkt no 329 in 441.wpd

---

of improper purpose in establishing this claim.