IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C/A No. 3:03-441-CMC |
| v. | ) ) | |
| James Braun, Tracy Barker, Kelly McCurry, Sharra Arnold, Carl Rowland, Cam Abernethy, and Mike Mohundro | ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) | |
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C/A No. 3:03-442-CMC |
| v. | ) ) | |
| Avantech, Inc., a South Carolina Corporation | ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

These matters are before the court on the parties' supplemental briefing relating to the claims for violation of the South Carolina Trade Secrets Act and claims that the various individual Defendants violated the confidentiality provisions of their employment contracts. This briefing was requested by the court in its oral directives at the conclusion of the June 8, 2005 hearing (Transcript at Dkt No. 310 in C.A. No. 03-441) and in its order entered June 28, 2005 (Dkt No. 308 in C.A. No. 03-441 and Dkt No. 300 in C.A. No. 03-442). This briefing was intended to aid the court in

resolution of issues left open as to Defendants' motion for summary judgment on Plaintiffs' trade secret and breach of confidentiality agreement claims (Dkt No. 226 in C.A. No. 03-441 and Dkt No. 220 in C.A. No. 03-442). To the extent this order finds Plaintiffs' evidence insufficient, the rulings shall be treated as a supplemental order granting, in part, Defendants' motion for partial summary on the trade secret and breach of confidentiality agreement claims.

## DISCUSSION

**1.    Which "Items" Are Pursued Under Which Theory and Are Any Abandoned?**

As requested, Plaintiffs Chem-Nuclear Systems, LLC and Duratek Services, Inc. (hereinafter collectively "CNS & DS")[1] have clarified that one or both of them are asserting both the trade secret and the breach of confidentiality agreement claims as to each of the thirty-five items identified in Plaintiffs' earlier response to Defendants' motion for summary judgment on the trade secrets claim. This answers the first two of the court's inquires in its order of June 28, 2005.

**2.    Which Claims and Items are Pursued Against Which Defendants?**

CNS & DS have also clarified that they claim relief as to all of the trade secrets (or items of confidential information) previously identified against all of the individual Defendants as well as against Avantech as to the Trade Secrets claim. Defendants challenge the adequacy of the evidence proffered and argument relied on to present a genuine issue of material fact as to some, if not all, of the individual Defendants.

The court concludes that CNS & DS have presented evidence sufficient to present a jury question as to their claims that Defendants James Braun, Tracy Barker, Kelly McCurry, and Mike

---

[1] Which Plaintiffs may assert which claims against which Defendants is addressed in the orders at docket entry number 371 in C.A. No. 03-441 and 357 in C.A. No. 03-442.

2

Muhundro violated the South Carolina Trade Secrets Act or breached the terms of their confidentiality agreements. As to Muhundro, the court limits the claim to misuse or misappropriation of the Quality Assurance Manual. The court also concludes that there is evidence which presents a jury question as to the trade secret claim against Defendant Avantech, Inc.

As to the remaining Defendants, however, the court reaches the opposite conclusion. That is, the court concludes that CNS & DS have failed to proffer evidence from which a jury could find Defendants Sharra Arnold, Carl Rowland or Cam Abernethy violated the South Carolina Trade Secrets Act or breached their confidentiality agreements as alleged in the above captioned action (C.A. No. 03-441).[2]

**3.     Availability of Inevitable Use Theory.**

The court directed CNS & DS to brief the availability of the doctrine of inevitable use if they intended to rely on that doctrine. No authority has been offered in support of this theory. The court, therefore, finds that CNS & DS may not rely on this doctrine as a substitute for a showing of actual use of any trade secret or confidential information.

**4.     Proof of Secrecy or Confidentiality, Misappropriation or Misuse, and Fair Notice**.

This leaves the questions of whether CNS & DS have directed the court to evidence from which a jury could conclude: (1) that the claimed items qualify either as trade secrets or confidential information (referred to collectively here as trade secrets); and (2) that the alleged trade secrets have, in fact, been misappropriated or misused. To the extent there is evidence to present a jury question on the two preceding issues, the court must also determine whether the claimed trade secrets have

---

[2] This ruling does not, therefore, have any bearing on the allegations against Defendants Abernethy or Avantech in C.A. No. 03cv3915.

been fairly, adequately and timely identified.

There is an interplay between the "fair notice" considerations of the third inquiry and the "proof of secrecy and misuse" requirements of the first two inquiries. This is because, in answering the first two questions, the court has held CNS & DS to the degree of specificity provided in their earlier disclosures. This constraint has contributed to the court's conclusion that CNS & DS cannot proceed to trial as to a number of the listed items as set forth below.[3]

The court does not, however, find that it should preclude CNS & DS from advancing their claims as to any individual items based *solely* on the adequacy or timing of their identification of the alleged secret or confidential information with one exception. That exception is the claim set forth in item number thirty-five (35) which the court will limit, based on the lack of timely notice, to a claim based on use of the particular form of "filter" which Avantech allegedly used "as a substitute for the filter at position 10 in the '274 patent."[4]

**A**. **Failure of evidence of secrecy or confidentiality.**

A large number of the claimed items fail because CNS & DS have failed to present sufficient evidence from which a jury could conclude that the information satisfies the definition of a trade secret or was otherwise confidential. The items as to which summary judgment is granted on these

---

[3] The items as to which the court finds the evidence insufficient to present an issue for trial are listed only by item number in this order. The numbers correspond to those item numbers and descriptions used by the parties in their memoranda and as set out in Plaintiff's Supplemental Brief at Appendix A. *See, e.g.,* Plaintiffs' Supplemental Brief at Appendix A (Dkt No. 336). While this court concludes that the items as to which summary judgment is granted are neither trade secrets nor confidential, it provides only an item number here in order to preserve Plaintiffs' right to confidentiality should a higher court disagree with this court's determination.

[4] The court uses somewhat cryptic language here for the same reasons as explained in the preceding footnote. Reference to the sealed Appendix A at Dkt No. 336 provides further description of the "filter" at issue.

4

grounds include: 4-5, 9-10, 12-16, 20-26 and 28-34.  *See supra* n.2 (explaining use of numbers).

In many instances, the court has concluded Plaintiff's proof of secrecy or confidentiality is insufficient to present a jury question because CNS & DS have failed to adequately challenge Defendants' proffer of evidence tending to show that the particular use of the relevant item is generally or publicly known, including based on publication by CNS & DS or by third parties in marketing materials, presentations, or other generally available publications.  The court has also found proof insufficient where the only proof of secrecy or confidentiality offered is a claim that CNS & DS's prior usage of the item or combination of items was "unique."   In a few instances, the court has found the proof to be insufficient to present a jury question because CNS & DS have failed to proffer evidence to contradict Defendants' proffer of evidence that the particular step or process was "logical" or would otherwise be generally known within the industry.

As noted above, generic identification of items during the discovery period (*e.g.,* otherwise unspecified "particular filter types"), while not necessarily fatal based on insufficient specification, has contributed to the determination that Plaintiffs have not proved that the particular item is a trade secret as to a fairly significant number of items.

**B.     Failure of Evidence of Misappropriation or Misuse.**

A number of the claimed items also fail for lack of evidence that they were misappropriated or misused.   All of these items also failed for the reasons set forth in the preceding section of this order (§ 4.A.).  Thus, the items which fail for this second reason are a subset of those which failed for the first reason.  These items include: 4, 14-16, 20-22, 30-31, and 34.

The court has granted summary judgment on this ground to any items as to which Plaintiffs have failed to proffer more than speculative evidence that Defendants used the very same item in the

5

systems they have offered or sold. Thus, the court has found conclusory claims that Defendants' system is "substantially the same" to be insufficient. The court has also granted summary judgment on this ground as to any items as to which the only "evidence" of misappropriation or misuse offered is a claim of inevitable use. As with proof of secret or confidential status, the lack of specificity in designating items has contributed to Plaintiffs' inability to establish misappropriation as to a number of items. In this regard, the court has held Plaintiffs to their earlier specification.

## CONCLUSION

For the reasons set forth above, the court grants partial summary judgment, to the extent set forth above, to Defendants on the claims for violation of the South Carolina Trade Secrets Act and, as to the individual Defendants, on claims that they breached the confidentiality provisions of their employment contracts. This results in a limitation of these claims as to Defendants Braun, Barker, McCurry, Muhundro, and Avantech and a dismissal of these claims as against Defendants Arnold, Rowland and Abernethy.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 16, 2005

C:\temp\notesB0AA3C\03-441 -- suppl re sj sctsa-conf agmts.wpd