IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 3:03-441-CMC |
| v. | ) ) | |
| James Braun, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 3:03-442-CMC |
| v. | ) ) | |
| Avantech, Inc., a South Carolina Corporation | ) ) ) | |
| Defendant. | ) ) | |
| Chem-Nuclear Systems, LLC, a Delaware limited liability company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C/A No.: 3:03-3915-CMC |
| v. | ) ) | |
| Alfred C. Abernethy, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**CORRECTED OPINION AND ORDER
ON
BILL OF COSTS AND SUPPLEMENTAL BILL OF COSTS**

These three related matters are before the court on Defendants' Bill of Costs (filed March 15, 2006) and Supplemental Bill of Costs (filed March 16, 2006). The costs are denied in part and granted in part as set forth below.

**1.    Fees for service of summons and subpoenas.**

**Sought:** Bill of Costs – $499.90; Supplemental Bill of Costs – $0.

**Allowed: $449.95.**

Plaintiffs challenge taxation of fees for service of summonses on two grounds. First, they challenge all fees sought because the fees were paid to private entities rather than to the United States Marshal. Second, they challenge four of the eight fees because they were for service incident to discovery. As to the first argument, Defendants respond that the fees should be allowed because private process servers are now routinely used. As to the second, Defendants argue that the costs relate to depositions which were reasonably necessary to the favorable disposition of the case.

The statute authorizing taxation of costs expressly allows taxation of "Fees of the clerk and marshal." *See* 28 U.S.C. § 1920 (1). Fees for service by the United States Marshal are, therefore, generally recoverable presuming the purpose for which service was made is also covered. This would include costs incident to a deposition used at trial. Local Civil Rule 54.03(B)(1)(a)-(c), DSC (addressing recovery of fees for service under headings ""Fees of the United States Marshal"). The local rules also list various service fees, including for trial subpoenas and certain deposition subpoenas under the heading "Fees of the Clerk of Court." Local Civil Rule 54.03 (A) (1)(g)-(i).[1]

---

[1] The Clerk of Court does not provide service or charge service fees. The inclusion of the service fees under the Clerk of Court heading, therefore, suggests a broader view of the entities whose fees are taxable. It has, in fact, been this district's practice to routinely approve fees for private process servers if the same fees would be recoverable if charged by the Marshal.

Whether fees for service paid to private parties, as opposed to the United States Marshal, should be allowed under Section 1920(1) is an issue which has divided the courts. *See* Moore's Federal Practice 3d §54.103[3][c] (2000). This district does, however, allow taxation of such fees in light of modern realities which include the rarity of such service by the Marshal. *Supra* n.1. The undersigned, therefore, finds that fees for service by private entities should be allowed if the same fees would be allowed if paid to the Marshal.[2]

Plaintiffs' second argument relates to the depositions of PSEG Nuclear, LLC, David West, William Mohr and George Keefer which Plaintiffs describe as "discovery" depositions. Plaintiffs do not, however, state whether these depositions were used at trial or in support of a successful summary judgment motion or were otherwise necessary to the defense of the action, which is the appropriate standard in determining whether deposition related costs are taxable. *Id.* (quoted *infra* n. 3; Local Civil Rule 54.03(H) (quoted *infra* at 8). Plaintiffs' separate challenges to deposition transcript costs suggest that at least the first three depositions were, in fact, used at trial or in support of a successful summary judgment motion. *See* Plaintiffs' Response to Bill of Costs at 5-6 (challenging transcript costs on various grounds including that the depositions were "not used at trial or in support of a successful summary judgment motion," and listing, but not raising such a challenge to, the first three of these depositions – the fourth is not mentioned).

Defendants have responded only generically, arguing that all of the depositions for which they seek costs were reasonably necessary even if not used at trial or in support of a successful summary judgment motion. They do not address the specifics as to any of the challenged depositions.

---

[2] This is not to say that the amount allowed is unlimited. In the face of challenge to the reasonableness of the rate, the court would consider reducing the allowable cost. No such challenge is made here.

3

Based on the record as discussed above, including inferences drawn from Plaintiffs' separate challenges to taxation of deposition transcript costs, the court finds that the depositions of the first seven individuals are taxable as costs. The service fees of those seven are, therefore, allowed. The service fee for George Keefer ($49.95) is, however, disallowed.

2. **Fees of the court reporter for all or any part of the transcript (of judicial proceedings) necessarily obtained for use in the case.**

Sought: Bill of Costs – $6,468.75; Supplemental Bill of Costs – $0.

**Allowed: $31.54.**

Pursuant to statute, the court may tax as costs: "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). As set forth in Local Civil Rule54.03(C), to the extent such costs relate to transcripts of judicial proceedings, they are allowed in only four limited circumstances:

> (i) when requested by the Court (which is rare). Mere acceptance by the Court does not constitute a request;
> (ii) At trial stage when, prior to incurring the expense, the Court determines that it is necessary;
> (iii) When prepared pursuant to stipulation of partiees with agreement to tax as costs; and
> (iv) When used on appeal.

Local Civil Rule54.03(C), DSC.

With two minor exceptions, the transcript costs sought fall outside of the limited circumstances in which costs of transcripts of judicial proceedings may be recovered. The two exceptions are for transcripts of the court's oral rulings made at the conclusions of the *Markman* hearing ($10.79) and the June 8, 2005 hearing ($20.75). The court finds these to fall within the first circumstance under which costs may be recovered as the court normally directs counsel to obtain a transcript of the court's oral rulings.

4

**3.      Fees for Witnesses.**

Sought: Bill of Costs – $595.75; Supplemental Bill of Costs – $99.00.

**Allowed: $643.50.**

Plaintiffs object to many of the witness fees because the fees relate only to discovery depositions. As discussed above, the relevant inquiry is not whether the fees were for a "discovery" deposition, but whether the depositions were used at trial, in support of a successful summary judgment motion, or were reasonably necessary at the time of taking.[3]

Defendants argue that the fees should be allowed because the testimony of these witnesses was necessary and favorable to disposition of these cases. They, like Plaintiffs, fail to address whether the depositions were used at trial or in support of a successful summary judgment motion. Defendants also fail to explain why any depositions which were not so used fall within the necessary-at-the-time taken category.

Plaintiffs' challenges to the other deposition costs, however, suggest that only one of the challenged depositions was not used at trial, that being the deposition of Danny Garner. On this record, the court disallows the fee paid to Garner $51.25 but allows the remaining witness fees.

---

[3] The statute allows for recovery of "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). The Local Civil Rules explain that "[d]iscovery witness fees and the subpoena service fees" are not taxable. Local Civil Rule 54.03(E)(6), DSC. The rule does not, however, explain the meaning of "discovery witness," which, in the context of the entire local rule refers to a witness whose deposition was not otherwise taxable as costs. *Compare* Local Civil Rule 54.03(B)(2), DSC (indicating "service fees for discovery subpoenas" are not taxable); *with* Local Civil Rule 54.03(B)(1)(c), DSC (allowing taxation of "Service fees for deposition subpoenas for depositions taxed as costs). *See also* Moore's Federal Practice § 54.103[3][c] ("Once it is determined that expenses for the deposition may be reimbursed, the next issue is which of the various expenditures for the deposition may be compensated. . . . . The deposition witness is entitled to a daily attendance fee as well as a mileage allowance . . . . Each of these expenses is properly taxed as costs . . . .").

    **4.**     **Fees for exemplification and copies of papers necessarily obtained for use in the case.**

Sought: Bill of Costs – $12,745.19; Supplemental Bill of Costs – $0.

**Allowed: $0**

The statute allows recovery of "Fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Local Civil Rules distinguish between which costs for copies are taxable and which are not as follows:

(1) *Taxable:*

    (a) Cost of *one* copy of a document is taxed when introduced into evidence in lieu of original (which is either not available for introduction into evidence or not introduced at request of opposing counsel);
    (b) The fee of an official for certification or proof regarding nonexistence of a document is taxable;
    (c) The cost of securing translation if the document translated is taxable or the translation is necessary for exemplification of matters before the Court;
    (d) Maps and one copy of photographs introduced into evidence;
    (e) The cost of patent file wrappers and prior art patent are taxable at the rate charged by the patent office. *But see*(F)(2)(a) below.

(2) *Not taxable*:

    (a) Expenses for services of persons checking patent office records to determine what should be ordered are not taxable;
    (b) Costs of compiling summaries, computations, and statistical comparisons;
    (c) The salaries and time of persons who prepare copies and exhibits;
    (d) Copies of exhibits obtained for counsel's own use; and
    (e) Costs of models are not taxable unless previously authorized by order even though introduced as an exhibit.

Local Civil Rule 54.03(F), DSC.

Plaintiffs challenge the costs sought for "exemplification and copies" on the ground that Defendants did not "specify the intended purpose of the copies." They also assert that several items (accounting for over $2,000 of the costs sought) are expressly disallowed by Local Civil Rule 54.03(F)(2).

In their Reply, Defendants state that they "have only requested copying costs incurred in the last month prior to trial, which would, for the most part, include only the cost of copying documents to be used at trial." Reply Memorandum at 4. They do not suggest that these costs are for only one copy or that this copy was introduced at trial. Defendants also acknowledge that the figure provided "is not an exact figure" but assert that it is a reasonable figure because they "have specifically not included the copying costs for the numerous exhibits attached to their motions and to their responses to Plaintiffs motions which were filed during the course of these lawsuits." *Id.*

In short, Plaintiffs ask the court to speculate that their costs for copies incurred during the last month before trial would approximate their taxable copying costs for the entire course of the litigation. The court declines this invitation and further declines to award any costs for copying because the record is inadequate to establish which of the copying costs are properly taxable under 28 U.S.C. § 1920(4).

**5.     Costs Incident to Taking Depositions.**

Sought: Bill of Costs –$16,989.90; Supplemental Bill of Costs – $7,564.38.

**Allowed: $13,064.45.**

Section 1920(2), discussed above in regard to costs for transcripts of judicial proceedings, also provides the basis for recovery of costs for certain deposition transcripts. *See* 28 U.S.C. § 1920(2) (allowing recovery of "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" ). Local Civil Rule 54.03(H) addresses the deposition related costs which are recoverable under this section which "include[] stenographer's fee, costs of original transcription, and postage." As with other deposition costs (discussed above), these costs are taxable only for:

> (1)  Depositions used at trial in lieu of live witness;
> (2)  Discovery depositions introduced as part of the record on motion for summary judgment if the prevailing party in the case prevails on summary judgment;
> (3)  Depositions used during trial for impeachment purposes where the party using the deposition for impeachment prevails;
> (4)  Depositions not admitted at trial but which were "reasonably necessary" at the time of their taking. *See, e.g., LaVay Corp. v. Dominion Fed'l. Savings and Loan Assoc.,* 830 F.2d 522, 528 (4th Cir. 1987).

Local Civil Rule 54.03(H), DSC.

Plaintiffs challenge the costs sought as to all depositions because it is "[u]nclear from [the] bill of costs what portion is attributable to [the] original and what is for [the] copy. Plaintiffs also challenge a number of charges because they relate to additional services beyond the provision of a transcript (*i.e.,* provision of ascii disk, tax and multipage condensed transcript). The costs challenged on this basis total $ 831.86 and include: $419.49 (Scala deposition); $261.51 (Jenkins deposition); $73.00 (Reagan deposition); and $77.86 (Mohr deposition).

Plaintiffs also assert that the costs associated with a number of witnesses should be disallowed altogether because the depositions were "not used at trial or in support of a successful summary judgment motion and [were] unnecessary at the time . . . taken." Plaintiffs' Response at 5. The costs challenged on this basis total $2019.42 and include: $277.97 (Garner deposition) and $720 and $1,021.45 (Prince deposition).

Finally, Plaintiffs challenge costs for twelve depositions because the costs sought are solely for copies. These costs for these depositions total $4,283.74.

In response to the above challenges, Defendants assert, generically, that costs associated with the depositions at issue are recoverable because they were reasonably necessary at the time of their taking. They do not, however, address why this is true as to any of the specific depositions whose costs are challenged on these grounds.

Defendants also argue that costs for copies of transcripts should be allowed because such costs are not expressly excluded by local rule and it would be "only reasonable [to allow recovery of] costs for copies of transcripts . . . when the original transcripts are not open for inspection as was the case in these lawsuits." Reply at 3. Defendants do not offer any alternative which would allow the court to carve out the cost of copies should it determine that such a reduction is appropriate.[4]

The court finds Plaintiffs' arguments to be persuasive and, therefore, disallows the following costs: $831.86 for costs associated with additional services beyond provision of the transcript; $2019.42 for costs associated with depositions that have not been shown to be necessary at the time taken and were not otherwise used at trial or in a successful summary judgment motion; and $4,283.74 for transcripts of which only copies were obtained. When the total of these three amounts ($7,135.02) is deducted from the deposition related costs sought ($24,554.28), it leaves $17,419.26. The court will further reduce this amount by 25% to account for costs of copies,[5] resulting in a total of $13,064.45 in taxable costs in this category.

## CONCLUSION

For the reasons set forth above, the court declines to award the full costs sought in the Bill of Costs and Supplemental Bill of Costs but does award a total of $14,189.44 in taxable costs, recoverable collectively in these three actions. To the extent the award may need to be allocated

---

[4] Defendants' argument has been accepted by some courts. *See* Moore's Federal Practice 3d §54.103[3][c]. It would, however, directly contravene the Local Civil Rules which refer to costs of the original transcript and would, therefore, lead to to confusion and inconsistency as to the allowance of taxable costs.

[5] While this is not a precise figure, the court believes the 25% reduction is adequate to account for the cost of copies. Neither party has suggested a more accurate figure.

between the categories of claims and three actions, the court allocates the award on the same basis as in the contemporaneously filed order on attorneys' fees: forty percent (40%) allocated to patent claims in the first two filed actions; fifty percent (50%) to the state law based claims in the first action; and ten percent (10%) to the third action.

        IT IS SO ORDERED.

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 24, 2006

C:\temp\notesB0AA3C\~4378994.wpd